IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-152-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LIONEL LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

On March 13, 2012, pursuant to plea agreement [D.E. 48], Lionel Lewis ("Lewis") pleaded

guilty to conspiracy to possess with the intent to distribute 280 grams or more of cocaine base (crack)

in violation of 21 U.S.C. § 846 ("count one"). See [D.E. 17, 32, 48]. On August 9, 2012, the court

held Lewis's sentencing hearing. See [D.E. 49]. At the hearing, the court adopted the facts set forth

in the Presentence Investigation Report ("PSR"). See id.; Fed. R. Crim. P. 32(i)(3)(A)-(B). The

court calculated Lewis's total offense level to be 29, his criminal history category to be V, and his

advisory guideline range to be 140–175 months. See [D.E. 51] 1. The court then granted the

government's motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) [D.E. 45]. After thoroughly

considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Lewis to 102 months'

imprisonment on count one. See [D.E. 50].

On April 16, 2015, Lewis filed a motion for a sentence reduction under 18 U.S.C. §

3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 58].

On August 6, 2015, Lewis filed a memorandum in support of his motion [D.E. 60]. On August 17,

2015, the government responded [D.E. 64]. On January 7, 2016, Lewis filed a supplement to his

motion for a sentence reduction. See [D.E. 66]. Lewis's new advisory guideline range is 120–150

months' imprisonment, based on a total offense level of 27 and a criminal history category of V. See Resentencing Report [D.E. 60-6]. Lewis requests an 88-month sentence. See [D.E. 60, 66].

The court has discretion to reduce Lewis's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Lewis's sentence, the court finds that Lewis engaged in serious criminal behavior from approximately October 2010 until approximately October 2011. See PSR [D.E. 46] ¶¶ 8–12. Lewis was accountable for conspiring to distribute 452 grams of crack cocaine in October 2011. See id. ¶ 12. Furthermore, Lewis has a distressing criminal history. Lewis's criminal history includes convictions for assault by pointing a gun, second degree trespass, communicating threats, discharging a weapon into occupied property, and assault with a deadly weapon. See id. ¶¶ 16–20. Lewis also has performed poorly on supervision and has a spotty work history. See [D.E. 46-1]; PSR ¶¶ 36–41. Nonetheless, Lewis has engaged in some positive behavior while incarcerated on his federal sentence. See [D.E. 60-6] 1–2; [D.E. 66] 1–3.

Having reviewed the entire record and all relevant policy statements, the court finds that Lewis received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that further reducing Lewis's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Lewis's serious criminal conduct and serious criminal history do not support further reducing Lewis's sentence. Thus, the court denies Lewis's motions for reduction of sentence. See, e.g., Cole,

2

618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Lewis's motions for reduction of sentence [D.E. 58, 66].

SO ORDERED. This 12 day of October 2016.

James Dever

JAMES C. DEVER III
Chief United States District Judge